# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Electronic devices seized from Kyle Keith, further<br>described in Attachment A, incorporated by reference | )<br>)<br>)   Case No. 5:13-MJ- 265(TWD)<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___Northern___ District of ___New York___ *(identify the person or describe property to be searched and give its location):* Electronic devices seized from Kyle Keith, further described in Attachment A, incorporated by reference

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __18__ U.S.C. § __1028A__, and the application is based on these facts: See affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Michael McCole, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __05/24/2013__

*Judge's signature*

City and state: __Syracuse, New York__     Hon. Therese Wiley Dancks
*Printed name and title*

# IN THE MATTER OF THE APPLICATION FOR A SEARCH WARRANT

**CITY OF SYRACUSE** :
**COUNTY OF ONONDAGA** : ss
**STATE OF NEW YORK** :

Michael McCole, being duly sworn, deposes and states as follows:

## I. INTRODUCTION

1. I am employed as a Special Agent of the Social Security Administration, Office of Inspector General, Batavia, New York. I have been a Special Agent of the Social Security Administration since April 1997. Prior to my employment as a Special Agent with the Social Security Administration, I was employed as a Special Agent with the General Services Administration, Office of Inspector General, New York Field Office from April 1991 to April 1997. During my career as a federal law enforcement officer I have conducted and participated in numerous investigations of federal criminal offenses.

2. I have successfully completed training at the Federal Law Enforcement Training Center in Glynco Georgia. In addition, I hold a Bachelor's degree from the State University of New York College at Geneseo, Geneseo, NY.

3. I submit this affidavit in support of an application for a search warrant authorizing a search of the following items:

    a. HP pavilion DV2500 laptop black in color bearing serial number 2CE8081GVM;

    b. HP 2000 laptop blue in color bearing serial number 5CG2522ZWB;

    c. A white computer tower of unknown make or serial number bearing an adhesive sticker on the back of the machine which reads "emachines;"

1

   d. A Blackberry Torch mobile telephone, white in color, with an AT&T cell phone touch screen slider;

   e. A Samsung slider mobile telephone bearing serial number RU8Z748140J;

   f. A Samsung T Mobile flip phone bearing serial number RU9P793645Y;

   g. A Samsung AT&T flip phone bearing serial number RQ3QA33819B;

   h. Two SIM cards for AT&T mobile telephones;

   i. A Samsung computer hard drive, orange in color, bearing serial number 2GEZ1J1J.

These items are more fully described in Attachment A (incorporated by reference).

4. The search warrant is sought for a search of the items described in Attachment A and to seize evidence, fruits, and instrumentalities of violations of:

   a. Title 18, United States Code, Section 1028 (Fraud and related activity in connection with identification documents), Title 18 United States Code, Section 1028A (Aggravated Identity Theft), Title 42, United States Code, Section 408 (Misuse of A Social Security Account Number), Title 18 United States Code, Section 1341 (Fraud involving the use of mail) Title 18 United States Code, Section 1343 (Fraud involving the use of interstate wires), and Title 18 United States Code, Section 1014 (Making a false statement on loan application).

5. The applied for warrant would authorize the forensic examination of the items described in Attachment A for the purpose of identifying electronically stored data particularly described in Attachment B.

6. The facts set forth in this affidavit are based on my own investigation, as well as information and evidence I have obtained from investigators with the Oswego County Sheriff's Department. This investigation is being conducted jointly with the Oswego County Sheriff's Department.

   a. This affidavit is also supported by my analysis of records maintained by the Social Security Administration and witness and victim interviews, and prior statements provided to law enforcement voluntarily by others.

   b. I have not included every fact regarding this investigation in this affidavit. I have set forth only the

facts I believe are necessary to establish probable cause to believe that evidence of the above-referenced crimes will be found at the above-referenced electronic devices and location.

## II. PROBABLE CAUSE TO BE BELIEVE EVIDENCE OF A VIOLATION OF TITLE 18 U.S.C. § 1014, TITLE 18 U.S.C. § 1028A, TITLE 42 U.S.C. § 408, TITLE 18 USC § 1341, TITLE 18 USC § 1343 IS PRESENT IN THE ITEMS IDENTIFIED IN ATTACHMENT A

1. On May 03, 2013, Kyle Keith Sr. was arrested by officers of the Oswego County Sheriff's Department, pursuant to a warrant issued out of Plano, Texas. The warrant charged Keith with indecency with a child.

2. Keith was arrested at his residence in the City of Fulton, NY based on information provided by the Plano, TX police department. On April 26, 2013, the Plano, TX police department developed information which indicated that a person, believed to be the child of Keith, may have been recently arrested in Oswego County, NY. Plano, TX police officers requested that the Oswego County Sheriff's Department conduct a local investigation to determine if Keith was residing in the Oswego County area with his child.

3. The Plano, TX police department provided pedigree information for both Keith and his child. The Plano, TX police department also provided a photograph of Keith for use in locating and identifying him.

4. Based on the request for investigative assistance, investigators of the Oswego County Sheriff's Department began an investigation.

5. An inquiry with the New York State Department of Motor Vehicles disclosed a valid New York State driver's license issued to Keith's child. The address of record shown on the New York State driver's license is in actuality a retail store located in Oswego, NY which sells farm supplies.

6. Contact with management at the farm supply store developed no one knowledgeable of Keith's child.

7. Additional investigation by the Oswego County Sherriff's Department developed an arrest for Keith's child for the offense of Driving While Intoxicated. The arrest report for the DWI incident listed a City of Fulton, NY address for Keith's child.

3

8. Investigators conducted a drive-by surveillance of the City of Fulton, NY address developed from the arrest report. Two vehicles were observed in the driveway. Investigators queried the New York State Department of Motor Vehicles to obtain the registered owners of the vehicles.

9. One of the vehicles was registered to G\*\*A\*\*W\*\*. The second vehicle was registered to another unrelated individual.

10. Investigators obtained New York State driver's license photographs for the two registered owners of the vehicles.

11. The New York State driver's license photograph issued to G\*\*A\*\*W\*\* bears a striking similarity to the individual in the photograph provided by the Plano, TX police department and identified as Keith.

12. Investigators contacted an employee of the Oswego County Sheriff's Department who had the same surname as the owner of the second vehicle observed in the driveway of in the City of Fulton. Investigators inquired if the employee was familiar with the registered owner of the vehicle. The employee stated that the registered owner was not a family member nor was he familiar with the registered owner.

13. Investigators then showed the employee the New York State driver's license photograph of G\*\*A\*\*W\*\*. The employee stated that he recognized G\*\*A\*\*W\*\*. The employee stated that he knew the person as "Al" W\*\* and that "Al" was employed as a disc jockey at a local tavern. Investigators then showed the employee a Texas driver's license photograph of Keith. The employee stated that Keith in the Texas driver's license photograph is the same person known to him as Al W\*\*.

14. Based on the above information, investigators from the Oswego County Sheriff's Department arrested Keith at his residence in Fulton as fugitive from the state of Texas on May 3, 2013.

15. At the time of his arrest, Keith initially identified himself to officers as Al W\*\*. When asked again for his full name, Keith stated G\*\*A\*\*W\*\*.

4

16. Keith was informed by Oswego County Sheriff's Department investigators that his true identity of Kyle Keith was known.

17. Keith again denied being Kyle Keith and informed arresting officers that his wallet contained his birth certificate and would confirm his identity as G\*\*A\*\*W\*\*. Officers retrieved his wallet and removed a birth certificate in the name of G\*\*A\*\*W\*\*.

18. Fingerprints were obtained from Keith by the Oswego County Sheriff's Department during arrest processing. A latent thumb print obtained at the time of processing was compared to a thumb print obtained by the State of Texas Motor Vehicle department when a Texas driver's license was issued to Keith.

19. A fingerprint comparison of the two thumb prints was conducted by the Syracuse, NY police department. The Syracuse police department confirmed that the person arrested by the Oswego County Sheriff's Department using the name G\*\*A\*\*W\*\* had the same thumb print as Kyle Keith on the State of Texas driver's license form.

20. Officers of the Oswego County Sheriff's Department obtained a search warrant for Keith's residence located in the City of Fulton, NY. The search warrant was issued by the City of Fulton, NY city court judge.

21. During the execution of the search warrant on May 3, 2013, officers seized numerous items which reflect that Keith is living as, and using the identity of, G\*\*A\*\*W\*\*. Among those items were a Social Security card issued in the name G\*\*A\*\*W\*\* and bearing the social security number \*\*\*-\*\*-8202; a Form W-2 reflecting employment in Oswego County (NY) as G\*\*A\*\*W\*\*; a valid New York State driver's license in the name of G\*\*A\*\*W\*\*; a Wachovia Bank Visa credit card in the name of G\*\*A\*\*W\*\*; a Visa credit card and a debit card issued by the Oswego County Federal Credit Union in the name G\*\*A\*\*W\*\* and cancelled checks drawn on Oswego County Federal Credit Union account in the name of G\*\*A\*\*W\*\*. In addition, the items described in Attachment A were seized from Keith's

5

residence. All devices were found in Keith's bedroom with the exception of the HP 2000 blue laptop which was recovered from the living room.

22. The Oswego County Sheriff's Department issued a press release after the arrest of Keith as a fugitive from Texas. On the morning of May 4, 2013, a representative from the Oswego County Federal Credit Union (OCFCU) contacted the Oswego County Sheriff's Department and referenced the press release.

23. OCFCU representatives informed the Oswego County Sheriff's Department that they had a banking relationship with Keith under the false identity, G\*\*A\*\*W\*\*. According to the OCFCU, Keith had obtained an automobile loan under the name G\*\*A\*\*W\*\*. The vehicle was still in the possession of Keith under the identity of G\*\*A\*\*W\*\*.

24. OCFCU representatives also informed the Oswego County Sheriff's Department that Keith, using the identity G\*\*A\*\*W\*\* had received wire transfers into his OCFCU account.

25. As part of this investigation, the Oswego County Sheriff's Department located G\*\*A\*\*W\*\* in the state California. The Oswego County Sheriff's Department contacted the Yuba County Sheriff's Department, Marysville, CA which has jurisdiction over G\*\*A\*\*W\*\*'s developed residence address in Yuba County, CA. The Oswego County Sheriff's Department requested that G\*\*A\*\*W\*\* be interviewed.

26. The Yuba County Sheriff's Department informed the Oswego County Sheriff's Department that G\*\*A\*\*W\*\* had been located and interviewed. During an interview, G\*\*A\*\*W\*\* stated that he knows Keith. G\*\*A\*\*W\*\* further stated that he was "adopted" by Keith.

27. G\*\*A\*\*W\*\* further stated that he was aware of the fact that Keith was utilizing his identity to avoid prosecution in the State of Texas. G\*\*A\*\*W\*\* told Yuba County, CA investigators that he provided Keith with personal identifying information and documents to assist him avoid capture by Texas authorities.

28. On May 10, 2013, I reviewed the database of the Social Security Administration to review the Social Security account numbers issued to individuals connected to this investigation.

29. The review disclosed that the SSN issued to G\*\*A\*\*W\*\* ending in -8202, which was found in the possession of Keith at the time of his arrest, was issued by the Commissioner of Social Security to G\*\*A\*\*W\*\* in 1981 in the state of California.

30. On May 13, 2013 at 5:51pm Keith placed a telephone call from the Oswego County jail to his father in Oklahoma.

31. Telephone calls from the Oswego County jail are recorded. Inmates are notified of the fact that their calls are subject to review in a pre-recorded message at the beginning of the call.

32. On May 21, 2013, an investigator from the Oswego County Sheriff's Department informed me that he listened to the May 13, 2013 telephone call. In the call, Keith informed his father that he could not provide contact information for G\*\*A\*\*W\*\* or others because all of his contact information is stored in a mobile phone which was seized by the Oswego County Sheriff's Department during a search.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

33. Based on my knowledge, training and experience, I know that electronic devices described in Attachment A can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensic tools.

34. There is probable cause to believe that things that were once stored on the devices described in Attachment A may still be stored there, for at least the following reasons:

    a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data

remains on the storage medium until it is overwritten by new data.

  b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space – that is, in space on the storage medium that is not currently being used by an active file – for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

  c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation; file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

  d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

35. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic evidence might be on the devices described in Attachment A.

  a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the

storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates filed were created and the sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

36. Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices described in Attachment A consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to

9

computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

37. Manner of execution. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion on to a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

38. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the devices described in Attachment A to seek the items described in Attachment B.

SA Michael McCole

Sworn to and subscribed before me this
24th day of May, 2013.

Hon. Therese Wiley Dancks
United States Magistrate Judge

## ATTACHMENT A

The following electronic devices are currently in the custody of the Oswego County Sheriff's Department, 39 Churchill Road, Oswego, NY and securely stored in the evidence control systems of the Oswego County Sherriff's Department.

1) HP pavilion DV2500 laptop black in color s/n 2CE8081GVM. This item is secured in the evidence control system of the Oswego County Sherriff's Department as item # 1-13-8945;

2) HP 2000 laptop blue in color s/n 5CG2522ZWB. This item is secured in the evidence control system of the Oswego County Sherriff's Department as item # 2-13-8945;

3) A white computer tower with an unknown make or serial number. The tower bears an adhesive sticker on the back which reads "emachines." This item is secured in the evidence control system of the Oswego County Sherriff's Department as item # 18-13-8945;

4) A Blackberry Torch mobile telephone, white in color with an AT&T cell phone touch screen slider. This item is secured in the evidence control system of the Oswego County Sherriff's Department as item # 6-13-8945;

5) A Samsung slider mobile telephone, with serial number RU8Z748140J. This item is secured in the evidence control system of the Oswego County Sherriff's Department as item # 10-13-8945;

6) A Samsung T Mobile flip phone bearing serial number RU9P793645Y. This item is secured in the evidence control system of the Oswego County Sherriff's Department as item # 10-13-8945;

7) A Samsung AT&T flip phone bearing serial number RQ3QA33819B. This item is secured in the evidence control system of the Oswego County Sherriff's Department as item # 10-13-8945;

8) Two SIM cards for AT&T mobile telephone, unknown serial numbers. These items are secured in the evidence control system of the Oswego County Sherriff's Department as item #10-13-8945;

9) A Samsung computer hard drive, orange in color, bearing serial number 2GEZ1J1J. This item is secured in the evidence control system of the Oswego County Sherriff's Department as item # 6-13-9708

Items number five through eight all bear the same Oswego County Sherriff's Department evidence control items number as they are stored in the same evidence bag.

## ATTACHMENT B

**Financial and business records, electronic records of business transactions, telephone numbers of potential victims, electronic papers, documents, receipts from May 2008 to the present; which constitute evidence, fruits, and instrumentalities of violations of Title 18 U.S.C. 1028A, Title 18 U.S.C. 1014, 42 U.S.C 408, and other offenses, including, but not limited to:**

a) Any and all financial instruments and business records relating to Kyle Keith Sr, including but not limited to bank statements, loan applications, credit records, deposit tickets, check registers or journals, bank reconciliations, wire transfers, correspondence, and cancelled checks.

b) Any and all financial instruments and business records relating to Glenn Alan Womack (referred to in the accompanying Affidavit as G**A**W**), including but not limited to bank statements, loan applications, credit records, deposit tickets, check registers or journals, bank reconciliations, wire transfers, correspondence, and cancelled checks.

c) Any and all financial instruments and business records in the names of other individuals, including but not limited to monthly statements, loan applications, credit records, deposit tickets, check registers or journals, bank reconciliations, wire transfers, correspondence, and cancelled checks.

d) Any and all records and documents commonly used as access devices, to include but not limited to identity documents, social security account numbers, dates of birth, and names.

e) Any and all telephone numbers, text messages or voicemails purportedly sent by or delivered to Kyle Keith; the false identity of Glenn Alan Womack or in the name of any other person.

f) Any and all digital images of documents, records, identity documents or business records stored in any manner.